# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| EUGENE MCALLISTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV2492 CEJ |
| | ) | |
| FERGUSON POLICE | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff (registration no. 1236974), an inmate at South Central Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. Also before the Court are the plaintiff's request for production of documents and motion for discovery.

For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $45.82. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint. Additionally, plaintiff's discovery motions will be denied as premature.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $229.10, and an average monthly balance of $33.75. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $45.82, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court

must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants in this action are the Ferguson Police Department, St. Louis County Police Department, St. Louis Police Department K-9 Unit, Officer Robert Dean, Officer Percich, Officer Jackson, Officer Eddie Boyd and the Scanning Program at South Central Correctional Center. Plaintiff brings suit against the defendants in their individual and official capacities.

Plaintiff asserts that in January of 2011, the car in which he was riding was chased by Police Officer Eddie Boyd of the Ferguson Police Department. Plaintiff claims that he was riding in the back seat of the car. Plaintiff states that when the driver of the car finally pulled over, several of the police officers, including Officer Boyd, broke the car windows and plaintiff was struck several times on the head and arms and was pulled to the ground. Plaintiff claims that K-9 Police Officer Robert

Dean allowed his dog to bite him all over his body, causing several injuries which required medical attention.

Plaintiff alleges that he was transferred to a new institution immediately after he filed a written complaint about the incident and that he was transferred a second time when he attempted to file a second complaint. Plaintiff asserts that these actions were taken in retaliation for his attempts to seek redress for his injuries. Plaintiff does not identify the individual(s) whom he believes retaliated against him.

Plaintiff claims in a general manner that he believes his due process rights, as well as his equal protection rights, may have been violated when Officers Boyd and Dean failed to respond to his written complaints in a timely manner. Plaintiff has failed to make any specific allegations against Officers Percich or Jackson. He has also failed to make any specific factual assertions against the "Scanning Program at South Central Correctional Center."

Plaintiff seeks monetary damages and injunctive relief.

## Discussion

Plaintiff's complaint is legally frivolous against the Ferguson Police Department, the St. Louis County Police Department and the St. Louis Police K-9 Unit because police departments are not suable entities under § 1983. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (1992).

Additionally, because plaintiff makes no allegations against defendant Police Officers Percich or Jackson or the Scanning Program at South Central Correctional Center, his claims against these defendants will also be dismissed as frivolous. See Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990)("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

Plaintiff's general and conclusory allegations of First Amendment, due process and equal protection violations also fail, as plaintiff has not articulated these claims in a full and organized manner. For example, although plaintiff believes that he was subjected to retaliatory transfers for filing complaints relating to his arrest, he has failed to articulate exactly what his complaints entailed, who they were directed against, and who the complaints were sent to. Plaintiff has also failed to allege a causal connection between the individual(s) who made the decisions to transfer plaintiff and the person, or persons, who received the complaints. Mere conclusory statements and legal conclusions cannot provide a cause of action. Iqbal, 129 S. Ct.

at 1949. Similarly, plaintiff's assertions that his "due process" and "equal protection" rights were violated when defendant Officers Boyd and Dean failed to respond to his complaints does not state a constitutional violation.[1] "In the context of a state prison system, an inmate grievance procedure is not constitutionally required." Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). "If the state elects to provide a grievance mechanism, violations of its procedures do not deprive prisoners of federal constitutional rights. Therefore, a state's failure to follow its grievance procedures does not give rise to a § 1983 claim." Id.

The Court will, however, order the Clerk to issue process on plaintiff's individual capacity[2] claims of excessive force against defendant Police Officers Dean

---

[1]The equal protection clause "prohibits government officials from selectively applying the law in a discriminatory way." Central Airlines, Inc. v. United States, 138 F.3d 333, 334-35 (8th Cir.1998) (citation omitted). "It protects 'fundamental rights,' 'suspect classifications,' and 'arbitrary and irrational state action.'" Brandt v. Davis, 191 F.3d 887, 893 (8th Cir.1999). Plaintiff has not asserted that he belong to a suspect class or has a fundamental right at stake.

[2]Plaintiff's claims against defendants in their official capacity will be dismissed. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a municipality was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

and Boyd. However, since the alleged force occurred in the course of plaintiff's arrest, the Court finds that it should be analyzed under the 4th Amendment, rather than the 8th Amendment of the Constitution. Kuha v. City of Minnetonka, 328 F.3d 427, 434 (8th Cir.2003) (citing Graham v. Connor, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed.2d 443 (1989)).

Plaintiff has also file motions seeking production of documents and other discovery. Because no scheduling order has been entered, discovery cannot commence and the plaintiff's requests are premature. See Fed. R. Civ. P. 26(d)(1).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $45.82 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to the individual capacity claims of excessive force against defendants Eddie Boyd and Robert Dean.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Boyd and Dean shall reply to plaintiff's claims of excessive force, brought against them in their individual capacities, within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Ferguson Police Department, St. Louis County Police Department, St. Louis Police Department K-9 Unit, Officer Percich, Officer Jackson or the Scanning Program at South Central Correctional Center because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's request for production of documents and motion for discovery [Doc. #7 and Doc. #8] are **denied without prejudice.**

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An order of partial dismissal will be filed separately.

Dated this 14th day of March, 2014.

                                                                                                                           CAROL E. JACKSON
                                                                                                                           UNITED STATES DISTRICT JUDGE