UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EUGENE MCALLISTER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No.: 4:13-cv-02492 CEJ |
| EDDIE BOYD, et al., | ) **Defendant Demands Trial by Jury** |
| Defendants. | ) ) ) |

# *ANSWER OF DEFENDANT EDDIE BOYD TO PLAINTIFFS' FIRST AMENDED COMPLAINT*

COMES NOW DEFENDANT, Ferguson Police Officer Eddie Boyd, and for his Answer to Plaintiff's First Amended Complaint (Document No. 15), states as follows:

1. Defendant admits that Plaintiff is an inmate confined in the Missouri Department of Corrections and is currently housed at the South Central Correctional Center.

2. Defendant admits that he is identified as a Defendant in Plaintiff's First Amended Complaint for damages.

3. Defendant admits that he is sued in his personal capacity, but denies any valid claim is stated or any legitimate cause of action exists against him. Defendant further denies that any suit against him has been adequately stated regarding his official capacity.

4. Defendant admits he is employed as a Police Officer by the City of Ferguson and acts under color of law in carrying out his official duties as a police officer within this employment.

5. Defendant denies that he violated any Constitutional rights of the Plaintiff or violated any other law or right of Plaintiff, and therefore denies paragraph 5 in its entirety.

6. Defendant admits Plaintiff has attempted to request relief, but denies that Plaintiff is entitled to any damages and paragraph 6 in its entirety.

7. Defendant admits Plaintiff has attempted to request relief, but denies that Plaintiff is entitled to any damages and paragraph 7 in its entirety.

8. Defendant denies the allegations in paragraph 8.

9. Defendant lacks any knowledge of the exhaustion of any administrative procedures by Plaintiff.

10. Defendant denies the material allegations contained in paragraph 10 and its sub parts. Defendant admits that Plaintiff was arrested upon probable cause to believe Plaintiff had committed violations of law. Defendant further admits that reasonable force under the circumstances that existed at the time of Plaintiff's arrest was used in taking Plaintiff into lawful custody. Defendant denies Plaintiff was beaten, was denied medical care, or that Plaintiff was ever assaulted.

11. Defendant admits Plaintiff has attempted to request relief, but denies that Plaintiff is entitled to any damages and paragraph 11 in its entirety.

12. Defendant admits Plaintiff has attempted to request relief, but denies that Plaintiff is entitled to any damages and paragraph 12 in its entirety.

13. Defendant admits Plaintiff purports to swear to the contents of his Amended Complaint, but denies the truth of the allegations as stated in this Answer.

14. All other allegations contained in Plaintiff's Amended Complaint are denied unless specifically admitted above.

## Affirmative Defenses

1. Defendant denies each and every other allegation in Plaintiff's Amended Complaint not specifically admitted to herein.

2. For further answer and for affirmative defenses, the Defendant states that Plaintiff's Amended Complaint fails to state a cause or causes of action or any claim upon which relief can be granted against this defendant, including but not limited that to federal 1983 law does not recognize causes of action for respondeat superior;

3. For further answer and for affirmative defense, the Defendant has immunity from liability to Plaintiff under the Doctrines of Sovereign Immunity, Qualified Immunity, Official Immunity and the Public Duty Doctrine;

4. For further answer and for affirmative defense, the plaintiff has a duty to mitigate his damages, and has failed to do so;

5. For further answer and for affirmative defense, any force that was used against Plaintiff was reasonable and necessary in order to subdue the plaintiff due to Plaintiff's own unreasonable and irrational conduct, including violently resisting his lawful arrest and plaintiff's unprovoked and illegal assault and battery against the arresting officers;

6. For further answer and for affirmative defense, any force used and any act of any Defendant was undertaken pursuant to law and in the course of their official duties as law enforcement officers, was reasonable and was based upon both probable cause and reasonable suspicion that Plaintiff had violated the laws and ordinances of the State of Missouri, that every search, seizure, arrest, and detention of Plaintiff took place pursuant to law and was reasonable in manner and duration.

7. For further answer, and affirmative defense, there is no fundamental right that was clearly established at the time of the events described in the Amended Complaint for Plaintiff to refuse to obey the lawful direction of a police officer, and thus and thereby, Plaintiff is not entitled to recover from the defendants.

8. For further answer and for affirmative defense, Plaintiff's claims are barred by the applicable three year Statutes of Limitations on actions against Police Officers.

9. For further answer and for affirmative defense, Defendants' actions were taken in self-defense or defense of others, and therefore justified.

10. For further answer and for affirmative defense, any force used against Plaintiff was the direct result of Plaintiff's own voluntary and consensual instigation of force against the Defendants, and thus and thereby, Plaintiff consented to the acts of Defendants in defending themselves against Plaintiff.

11. For further answer and for affirmative defense, Plaintiff's claim for punitive damages fails to state a claim for relief for punitive damages and in addition, to the extent that Plaintiff seeks to recover punitive damages herein, Plaintiff has not stated and cannot state a claim for relief for punitive damages because the procedures for assessing punitive damages, facially and as applied to this case, violate the due process provisions of the Fourteenth Amendment of the United States Constitution and Article I, Section 10 of the Constitution of Missouri in that:

   a. Missouri's procedural and substantive law of punitive damages conflicts with the procedural and substantive standards set forth in the United States Supreme Court decisions in <u>Pacific Life Insurance Co. v. Haslip</u>; <u>State Farm v. Campbell</u>, <u>White v. Ford Motor</u> and <u>Phillip Morris USA v. Williams</u>.

4

{01137632.DOC;1}

b. Missouri's guidelines, standards, procedures, and instructions for the imposition of punitive damages are ambiguous, indefinite, unreasonable, vague, uncertain, conflicting, purely subjective, and fundamentally unfair.
c. Missouri has no objective limitations or standards that have been established concerning the amount or severity of a punitive damages award.

d. Missouri has vague and inconsistent legal standards for the imposition of punitive damages, which deprive defendant of sufficient notice of the type of conduct and mental state upon which punitive damages could be awarded as a result of defendant's alleged misconduct.

e. Missouri permits the jury to award punitive damages that are disproportionate and have no reasonable relationship to the actual damages, plaintiffs' injury, plaintiffs' expenses, defendant's conduct, and defendant's mental state.

f. Missouri courts review punitive awards on the theory that the magnitude of such awards is wholly and peculiarly within the discretion of the jury; this standard provides no meaningful standard basis for review of punitive awards by either the trial or appellate courts.

g. Missouri's trial court and appellate courts are bound to apply vague and inconsistent standards by which to evaluate the jury's punitive damages award. Specifically, these inadequate standards include:

  i. a nebulous and undefined "abuse of discretion" standard of review;
  ii. a nebulous and undefined standard under which a punitive damages award may be disturbed if it is the product of "bias and prejudice";
  iii. a standard that allocates undefined, inordinate, and improper discretion to the jury without providing the jury with adequate standards to guide their discretion;
  iv. a standard that is based upon an evaluation of the "proper relationship" between the degree of malice allegedly proven and the amount of the punitive damages award; however, no legal guidelines have been established that define the manner in which a court should evaluate either the degree or nature of the alleged "malice" or the "proper relationship" between such malice and the punitive damages award. Further, no legal standards have been established which reconcile and apply the different standards, set forth above, by which the trial and appellate courts review punitive damages awards.

h. Missouri improperly permits a plaintiff to submit punitive damages to the jury based upon a defendant's conduct that, as a matter of law, was not willful or reckless. Punitive damages are not constitutionally permissible for mere negligent conduct, assuming defendant's conduct even meets this standard.

5

i.  Missouri's approved jury instructions for punitive damages do not provide the jury with sufficiently specific and objective standards to guide its discretion in awarding punitive damages. These instructions fail to inform the jury of its duty to consider the character and degree of the wrong as shown by the evidence. The instructions also fail to inform the jury that the defendant's net worth may not be considered in deciding whether to award punitive damages.

j.  Missouri law does not contain adequate and objective procedures and standards or instructions that guide the jury, trial, and appellate courts concerning the purposes of punitive damages and the reasons for awarding such damages.

k.  Missouri law does not have adequate standards and procedures to guide the trial and appellate courts in reviewing an excessive award of punitive damages.

l.  Missouri courts are not required to explain the basis for their decisions concerning punitive damages awards; Missouri, therefore, affords no procedure for meaningful review of punitive damages by either the trial or the appellate courts.

m.  Missouri does not provide adequate and objective standards and procedures to instruct the jury to ensure in the post-trial review by the trial and appellate courts that any punitive damages award has an understandable relationship to the actual or compensatory damages award.

n.  Missouri does not require the standard of proof for the imposition of punitive damages to be "beyond a reasonable doubt."

o.  Missouri does not provide objective standards and procedures to prevent the plaintiff from receiving an unfair windfall of money as a result of a punitive damages award.

p.  Missouri does not have legal standards that would unconditionally prohibit in all cases an award of multiple punitive damages awards and punishments against a defendant who has already been subjected to punitive damages in a prior case based upon the identical or similar conduct. These multiple awards amount to civil and criminal fines and punishments and are prohibited under Article I, Section 21 of the Missouri Constitution and are also prohibited under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Missouri Constitution.

q.  Based on the Due Process Clause contained in Article I, Section 10 of the Missouri Constitution, a corporate defendant should not be held to be vicariously liable for acts or omissions of its agent without a showing of complicity.

{01137632.DOC;1}

r. An award of punitive damages under Missouri law violates the Eighth Amendment to the United States Constitution and Article I, Section 21 of the Constitution of Missouri, which prohibit excessive fines because fifty percent of any final judgment awarding punitive damages is payable to the State of Missouri under Mo. Rev. Stat. Ann. § 537.675. That portion of the punitive award therefore constitutes a fine payable to the State, but the State of Missouri has established no standards or limits upon the amount of punitive damages that may be awarded in a particular case, and has not provided procedural safeguards, including a requirement of proof beyond a reasonable doubt, necessary for imposition of fines.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Defendant Ferguson Police Officer Eddie Boyd moves the Court dismiss all counts contained therein against him, to award his costs and fees to him and for such other and further relief as the Court deems proper.

/s/ Peter J. Dunne
Peter J. Dunne   #31482
Federal Registration No. 3025
Robert T. Plunkert   #62064
Federal Registration No. 62064MO
PITZER SNODGRASS, P.C.
Attorney for Defendant Eddie Boyd
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
dunne@pspclaw.com
plunkert@pspclaw.com

{01137632.DOC;1}

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 29th day of April, 2014 to be served either by operation of the Court's electronic filing system, or by First Class Mail, upon the following:

Plaintiff Eugene McAllister, Inmate No. 1236974
S.C.C.C.
255 W. Highway 32
Licking, Missouri 65542

and

Ms. Lorena V. Merklin Von Kaenel
St. Louis County Counselor's Office
County Government Center
41 South Central, 9th Floor
Clayton MO 63105
Attorney for Defendant Dean

    /s/ Peter J. Dunne