UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **Eugene McAllister,** | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 4:13CV-02492 CEJ |
| | ) |
| **Edie Boyd, et al.,** | ) Defendant Demands Jury Trial |
| | ) |
| Defendants. | ) |

# DEFENDANT ROBERT DEAN'S
# ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Comes now Defendant Dean (Dean) for his answer to Plaintiff's First Amended Complaint (Complaint), Document #15, that purports to allege a 42 U.S.C. §1983 claim of excessive force against him in his individual capacity[1], states as follows:

1. With respect to paragraph I, Dean admits the allegations.

2. With respect to paragraph II, Dean admits Plaintiff has alleged a claim against him in his personal capacity, admits that Dean is a commissioned and certified police officers employed by St. Louis County Police Department, and lacks the knowledge and information sufficient to form a belief as to the allegations of such paragraph and, therefore, he denies each such allegation.

3. With respect to Paragraph III, Dean admits Plaintiff has alleged a claim against him in his personal capacity only as the Court has dismissed all other claims against Dean pursuant to its Orders filed herein. Doc. #9 and Doc. #18.

---

[1] The Court, through its Orders, Documents #9 and #18, has dismissed all of Plaintiff's claims against Dean except one use of force claim against Dean in his individual capacity pursuant to 42 U.S.C. §1983. All other claims against all other entities and individuals except Police Officer Edie Boyd, including those against Dean in his official capacity, have been expressly denied and dismissed by the Court. Doc. #9 and #18.

4. With respect to Paragraph IV, Dean states that Plaintiff alleges a legal conclusion.

5. With respect to Paragraph V, Dean denies the allegations.

6. With respect to Paragraph VI, Dean denies Plaintiff is entitled to any damages as Dean's actions were lawful and not actionable pursuant to 42 U.S.C. §1983 and therefore denies the allegations.

7. With respect to paragraph VII, Dean denies Plaintiff is entitled to any damages as Dean's actions were lawful and not actionable pursuant to 42 U.S.C. §1983, and therefore denies the allegations.

8. With respect to paragraph VIII, Dean denies the allegations.

9. With respect to Paragraph IX, Dean lacks the knowledge and information sufficient to form a belief as to the allegations of such paragraph and, therefore, he denies each such allegation.

10. With respect to Paragraph X, Dean denies all allegations stated therein including the sub-parts except that Dean admits Plaintiff's arrest took place in St. Louis County on January 26, 2011, that Plaintiff was the passenger in a high speed moving vehicle from which he shot at St. Louis County police officers, that Plaintiff was arrested for and eventually was found guilty by a jury of multiple felonies based on Plaintiff's actions including resisting arrest and/or failing to obey the lawful commands and orders of police officers, that Plaintiff failed to obey such commands, and that all actions taken by Dean were reasonable and lawful under the totality of the circumstances.

11. With respect to Paragraph XI, Dean denies the allegations.

12. With respect to Paragraph XII, Dean denies the allegations and that Plaintiff is entitled to such relief.

13. With respect to Paragraph XIII, Dean denies the truth of the allegations.

**Affirmative Defenses**

Dean states as additional responses and affirmative defenses to the Complaint:

1. Except as expressly admitted, qualified, or otherwise answered, Dean denies each and every allegation of the Complaint, and denies that Plaintiff is entitled to any of the relief requested therein.

2. For further answer and affirmative defense, Plaintiff fails to state a claim against Dean upon which relief can be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

3. For further answer and affirmative defense, Dean is a certified and commissioned police officer employed by the St. Louis County Police Department and a certified peace officer pursuant to Section 590.010 et seq., R.S.Mo. 2000, as amended.

4. For further answer and affirmative defense, Dean has all powers as conferred by law, including the power to detain and the power to arrest as set forth in Section 544.157, R.S.Mo. 2000, as amended.

5. For further answer and affirmative defense, Dean was privileged under the Fourth Amendment of the United State Constitution to detain and arrest Plaintiff based upon probable cause to believe a crime was committed.

6. For further answer and affirmative defense, Dean had reasonable suspicion and/or probable cause to believe that on or about January 1, 2011, Plaintiff had committed the crimes of assault, attempted assault, armed criminal action, shooting a firearm at or from a motor vehicle and resisting arrest, all in violation of Missouri state statutes and/or St. Louis County ordinances.

7. For further answer and affirmative defense, Dean is privileged under the Fourth and Fourteenth Amendments to the United States Constitution to use reasonable force in order to subdue Plaintiff and to affect an arrest of Plaintiff.

8. For further answer and affirmative defense, Dean was acting as a public official serving St. Louis County and acted in a discretionary capacity insofar as any of his actions relate to the subject matter of the Complaint and is therefore immune from liability under the doctrine of qualified immunity.

9. For further answer and affirmative defense, Plaintiff has failed to state a claim under the Fourth Amendment because there is no fundamental right that was clearly established at the time of the events described in the Complaint for Plaintiff to refuse to obey the lawful direction and order of a police officer.

10. For further answer and affirmative defense, Plaintiff fails to state a claim, and therefore cannot recover, for punitive damages against Dean.

11. For further answer and affirmative defense, Plaintiff assumed the risk by attempting to assault, assaulting, failing to obey the lawful commands and order of a police officer and/or resisting arrest that force would be used to arrest, subdue and/or take Plaintiff into custody.

12. For further answer and affirmative defense, Plaintiff had a duty to and failed to mitigate his damages.

13. For further answer and affirmative defense, Dean reserves the right to assert any additional affirmative defenses to the extent they become known during the litigation of this matter.

WHEREFORE, having fully answered Plaintiff's Complaint, Dean prays this Court to dismiss all counts of this suit in as far as they may apply to him at Plaintiff's cost, and for such other relief the Court deems just and appropriate.

Respectfully submitted,

PATRICIA REDINGTON
COUNTY COUNSELOR


By  /s/ Lorena V. Merklin von Kaenel
Lorena V. Merklin von Kaenel   #42035MO
Assistant County Counselor
Office of the County Counselor
County Government Center
41 South Central, 9th Floor
Clayton, Missouri 63105
(314) 615-7042
Lmerklinvonkaenel@stlouisco.com

## CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of the foregoing was sent by means of Notice of Electronic Filing to all other parties-participants including Peter J. Dunne and Robert T. Plunkert to the above-entitled action and Eugene McAllister, #1236974, South Central Correctional Center, 255 W. Highway 32, Licking, Missouri 65542-9069 by First Class mail on May 1, 2014.


                          /s/ Lorena Merklin von Kaenel
                          Lorena V. Merklin von Kaenel